**Mark BRINKMAN, Plaintiff-Appellant,**

v.

**John J. GILLIGAN, et al., Defendants,**

**Dayton Board of Education, et al., Defendants-Appellees.**

**No. 82–3155.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 6, 1982.

Decided Jan. 17, 1983.

Richard Austin, Austin, Jones, Littlejohn & Owens, Dayton, Ohio, Louis Lucas (argued), Picard, Canale, Caywood, Lucas & Watson, William E. Caldwell, Ratner & Sugarmon, Memphis, Tenn., Clarence M. Mitchell, Jr., Baltimore, Md., for plaintiff-appellant.

David C. Greer, Leo F. Krebs (argued), Bieser, Greer & Landis, Armistead W. Gilliam Jr., Smith & Schnacke, Dayton, Ohio, Thomas I. Atkins, N.A.A.C.P. Sp. Contribution Fund, Brooklyn Heights, N.Y., for defendants-appellees.

Before LIVELY, Circuit Judge, and PHILLIPS and PECK, Senior Circuit Judges.

PER CURIAM.

This appeal involves attorney fees and costs allowed by the district court for five attorneys in this protracted school desegregation case. The district court allowed a total of $383,540.25 in attorney fees and $48,868.57 for reimbursement of costs and expenses, all to be paid by the defendants. Four attorneys and the personal representative of the fifth attorney, now deceased, challenge the allowances as inadequate and claim $1,210,291.50 as reasonable attorney fees and $49,569.46 for out of pocket expenses.

The reported decisions in this protracted litigation are as follows: *Dayton Board of Education v. Brinkman,* 443 U.S. 526, 99 S.Ct. 2971, 61 L.Ed.2d 720 (1979); *Dayton Board of Education v. Brinkman,* 433 U.S. 406, 97 S.Ct. 2766, 53 L.Ed.2d 851 (1977); *Brinkman v. Gilligan,* 583 F.2d 243 (6th Cir.1978) (*Brinkman IV*), aff'd *Dayton Board of Education v. Brinkman,* 443 U.S. 526, 99 S.Ct. 2971, 61 L.Ed.2d 720 (1979); *Brinkman v. Gilligan,* 539 F.2d 1084 (6th Cir.1976) (*Brinkman III*), vacated and remanded sub nom., *Dayton Board of Educa-*

*tion v. Brinkman,* 433 U.S. 406, 97 S.Ct. 2766, 53 L.Ed.2d 851 (1977); *Brinkman v. Gilligan,* 518 F.2d 853 (6th Cir.) (*Brinkman II*), cert. denied, 423 U.S. 1000, 96 S.Ct. 433, 46 L.Ed.2d 376 (1975); *Brinkman v. Gilligan,* 503 F.2d 684 (6th Cir.1974) (*Brinkman I*); *Brinkman v. Gilligan,* 446 F.Supp. 1232 (S.D.Ohio 1977); *Brinkman v. Gilligan,* Civil No. 2–72–137 (S.D.Ohio, 1972) (opinion included in appendix to *Brinkman v. Gilligan,* 446 F.Supp. 1232 at 1254).

The fees allowed to the respective attorneys by the district court are as follows:

1. Louis Lucas $100,093.50
2. William Caldwell $107,073.75
3. Richard Austin $30,540.00
4. Paul Diamond $144,333.00
5. Estate of Maynard Dickerson $1,500.00

The fees and expenses are documented and analyzed in detail by the district judge in his comprehensive opinion, based upon the evidence in the record. Reference is made to the opinion of the district judge for a detailed recitation of pertinent facts. *Brinkman v. Gilligan,* Civil No. C–3–75–304 (S.D.Ohio, Jan. 22, 1982).

Upon consideration of the briefs and arguments of counsel and the entire record, the court concludes that the findings of fact of the district court are not clearly erroneous, Fed.R.Civ.P. 52(a), and are supported by substantial evidence. The attorneys contend that the district court abused its discretion by failing to follow the guidelines laid down by this court in *Northcross v. Board of Memphis City Schools,* 611 F.2d 624 (6th Cir.1979), cert. denied, 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980). They argue that the district court erred particularly in not making a sufficient allowance for the contingency of possible failure of this cause and in not applying a factor for inflation. The record indicates to our satisfaction that the district court did take these matters into account, although not to the extent desired by the attorneys for the plaintiffs.

Accordingly, it is ORDERED that the judgment of the district court be and hereby is affirmed. No costs are taxed. The parties will bear their own costs in this court.