Walter **MITROFF**, Plaintiff,

v.

**XOMOX CORPORATION**, Defendant.

Civ. No. C-1-83-924.

United States District Court,
S.D. Ohio, W.D.

March 22, 1985.

Order Awarding Attorney Fees
and Costs Sept. 3, 1985.

James B. Helmer Jr., Cincinnati, Ohio, for plaintiff.

Robt. L. Townsend, Paul Sunderland, Cincinnati, Ohio, J. Michael Ozier, for defendant.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court under the following circumstances. On October 19, 1984, plaintiff Walter Mitroff was awarded damages by a jury pursuant to his action brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* On January 30, 1985, plaintiff filed a Motion for Award of Attorney Fees in the sum of $91,199.56 and for an award of costs in the sum of $5,936.26 (doc. no. 86). On February 19, 1985, defendant filed a memorandum contra to plaintiff's Motion (doc. no. 89). On page 2 of such memorandum, the following appears:

"... Plaintiff's counsel nevertheless seeks to be compensated for almost 1,000

hours of alleged work on the case. Of the 965 hours for which counsel seeks to be compensated, defendant disputes over 700 hours."

In such memorandum, defendant has described plaintiff's application as follows: "Inordinate amounts of time were spent." (Pg. 3). "Shockingly high figure." (Pg. 3). "Inflated rates which he has proferred." (Pg. 9). "Counsel's [argument] is puffery." (Pg. 11). "Counsel's grandiose assertions." (Pg. 11). "Inordinate amounts of time spent on relatively simply tasks." (Pp. 12, 13).

In addition to the foregoing, defendant's memorandum contains the following statement:

> Counsel's grossly overstated billings can perhaps best be illustrated by the time billed in researching and drafting a memoranda contra *defendant's Motion for a Protective Order.* . . . It should have taken no more than one to two hours to compose a response. Instead, counsel seeks to bill more than 17 hours for this task. (Emphasis not added).

On February 20, 1985, plaintiff's counsel gave notice to defense counsel of an intent to take depositions regarding defense counsel's hourly billing practices, normal hourly rates and so forth. (Doc. no. 90). On February 26, 1985, the defendant filed a Motion to Quash Subpoena and for a Protective Order (doc. no. 91). On February 27, 1985, plaintiff filed a Motion to Compel (doc. no. 93), on March 13, 1985, defendant filed a memorandum contra to plaintiff's Motion to Compel (doc. no. 96) and on March 14, 1985, plaintiff filed a reply to defendant's memorandum contra plaintiff's Motion to Compel (doc. no. 97).

This matter was heard by the Court on Friday, March 15, 1985 at which time counsel for both sides argued their respective positions.

It is plaintiff's assertion that since he is bound by the principle of compensation for "reasonable hours at a reasonable rate," *Northcross v. Board of Education of the Memphis City School Schools*, 611 F.2d 624 (6th Cir.1979), he is entitled to demonstrate that defense counsel expended greater amounts of time at greater rates for the same service.

The Court expresses no opinion as to whether such showing will, in fact, support plaintiff's contention. It is, however, appropriate evidence to be presented to the Court. Accordingly the Subpoena *Duces Tecum* will be enforced in part.

█ Plaintiff's counsel is entitled to inquire into the number of hours expended by defense counsel in the matter of *Mitroff v. Xomox Corporation* and the rates charged by the attorneys involved. Plaintiff may not inquire into the nature of any communication by defense counsel with defendant nor may he examine any documents involved in other representation of defendant by defense counsel.

IT IS SO ORDERED.

### ORDER AWARDING ATTORNEY FEES AND COSTS

█ This matter is before the Court under the following circumstances. On June 22, 1983 a complaint was filed alleging a discharge in violation of the Age Discrimination in Employment Act (ADEA). The case came on for trial on October 15, 1984 and required presentation of evidence for four days. On October 19, 1984 the jury awarded Plaintiff $346,888.00. A remittitur of $173,444.00 was ordered (Doc. 70) and accepted by the Plaintiff (Doc. 76). This matter is currently on appeal to the United States Court of Appeals for the Sixth Circuit. On January 30, 1985 Plaintiff moved for an award of attorney fees and in the sum of $91,199.56 and for an award of costs in the sum of $5,936.26 (Doc. 86). On February 19, 1985 Defendant filed a memorandum contra to such request (Doc. 89). On February 27, 1985 Plaintiff sought to compel Defendant to supply him with information pertinent to Defendant's counsel fee. This matter came on for hearing before the Court and an Order was issued granting Plaintiff's counsel an opportunity to inquire into the number of hours expended by defense

counsel in this matter and the rates charged therefor (Doc. 99). On April 18, 1985 Plaintiff filed a reply to Defendant's memorandum contra (Doc. 105) and it is in this posture that the matter is now presented to the Court. It is now well settled law in this Circuit at least that the prevailing party in an age discrimination case is entitled to attorney fees. Such attorney fees are based upon "a reasonable rate times a reasonable number of hours". *Northcross of Board of Education of the City of Memphis,* 611 F.2d 624 (6th Cir.1979).

Pertinent to any consideration of a reasonable amount of time expended in the prosecution of a law suit is the amount of time expended by the defendant in defending that law suit. This Court has previously deemed that where a plaintiff's attorney claimed hours exceeding those of defense counsel, such defense counsel's hours could be used in a consideration of "reasonable hours". *Brinkman v. Gilligan,* 557 F.Supp. 610 (S.D.Ohio 1982), *aff'd* 697 F.2d 163 (6th Cir.1983). The reverse should likewise be true, i.e. where defense counsel's hours exceeded those of plaintiff's counsel it is equally a fact bearing upon reasonableness.

Plaintiff's counsel has submitted a 68 page compilation of time expended in this matter divided into categories as required by this Court. Plaintiff's counsel asserts 397.45 partner hours at $120.00 per hour and 568.30 associate hours at $85.00 per hour. Counsel has reduced the request for attorney fees by 5% in order avoid duplication.

This litigation was vigorously defended by one of the outstanding law firms in the City of Cincinnati. Included among the pretrial matters were a Motion to Dismiss or In the Alternative to Strike (Doc. 4); a Motion for a Protective Order (Doc. 10); a Motion for Summary Judgment (Doc. 20); a Motion to Strike Plaintiff's Witnesses (Doc. 26); a Motion to Strike Plaintiff's Exhibits (Doc. 37); a Motion For Judgment NOV or in the Alternative for a New Trial (Doc. 60); a Motion for Stay Pending Determination of Defendant's Motion for Judgment NOV (Doc. 62); a Motion to Quash Plaintiff's Subpoena Duces Tecum and for a Protective Order (Doc. 91); and Memoranda Contra to Plaintiff's Request for Counsel Fees (Docs. 89 and 96).

The foregoing should not be deemed as criticism for the vigorous defense of this case, but a defendant who has required a plaintiff to expend substantial time in responding to multiple motions can hardly be heard to complain at the time expended therefor.

In considering Plaintiff's request, it is significant to consider the time expended by the Defendant. Plaintiff's counsel has pointed out that more time in defending this case was expended by Defendant than expended by Plaintiff (See Doc. 105) even though it is usually more difficult for a Plaintiff to present his case on a discrimination issue. The parties involved, the witnesses, and the statistical evidence is almost always in the hands of the defendant, not the plaintiff.

In consideration of the foregoing the Court determines that the hourly rates requested by Plaintiff's counsel are not unreasonable, that the amount of time expended in view of the vigorous defense and the equivalent time expended by Defendant is likewise not unreasonable. Accordingly, the Court does hereby award attorney fees in the sum of $91,199.56.

Plaintiff seeks costs in the sum of $5,936.26. Based upon an examination of the memoranda in this matter, the Court finds that such expenditure was reasonable and does award Plaintiff the sum of $5,936.26 for a total award of attorney fees and costs of $97,135.82.

IT IS SO ORDERED.